IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA DAVIS,

    Plaintiff,

vs.                                                                                        No. CIV-05-942 JB/LFG

SAN JUAN COUNTY, and
SAN JUAN COLLEGE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Enlarge the Time to Serve Defendant, filed January 4, 2006 (Doc. 2). The primary issue is whether the Court should grant Plaintiff Victoria Davis an extension of the 120-day time period for service of process to effectuate service on Defendant San Juan College. Because the Court concludes that it should exercise its discretion to extend the time, the Court will grant the motion and extend the time for Davis to serve San Juan College until January 3, 2006.

## FACTUAL AND PROCEDURAL BACKGROUND

Davis alleges that the incident which gave rise to her Complaint took place on September 6, 2003. Davis thus appears to have timely filed her Complaint on September 2, 2005. Davis' counsel represents that he arranged for service of the Complaint on both Defendants for December 22, 2005. See Motion to Enlarge the Time to Serve Defendant ("Motion to Enlarge Time") ¶ 3, at 1.

Davis states that, on December 21, 2005, while double-checking the proper service address, her counsel was made aware that San Juan College was closed for the holidays from December 20, 2005 through January 1, 2006. See Holiday Hours for San Juan College at 1; Motion to Enlarge

Time ¶ 4, at 1. Davis contends that her counsel, in using the "Time Matters" program in his office, calculated the 120-day service of process deadline to be January 2, 2006. See id. ¶ 5, at 2. The program is allegedly set where deadlines falling on a weekend are moved to the following business day. See id.

Davis contends that the 120-day deadline was December 31, 2005.[1] See id. Davis represents that her counsel originally understood it to be January 2, 2006. See id. Believing that the deadline was January 2, 2006, Davis' counsel states that he arranged for the Complaint to be served on San Juan College on January 2, 2006, which was the next day that San Juan College was open. See id. ¶ 6, at 2. On Saturday, December 31, 2005, Davis contends that it was brought to the attention of her counsel that the actual 120-day service of process deadline was December 31, 2005, and not January 2, 2006. See id. ¶ 7, at 2.

Davis represents that she timely served San Juan County on December 29, 2005. See id. ¶ 9, at 2. Davis' counsel represents that he properly served San Juan College on January 3, 2006. See id. ¶ 8, at 2. Davis' process server attempted service on San Juan College on January 2, 2006, but was unable to properly serve San Juan College because the President of Human Resources, Colleen Walker-Smith, was not available to accept service. See id.

---

[1] It appears to the Court that the 120-day deadline was no earlier than January 2, 2006, because December 31 and January 1 fell on a Saturday and Sunday, and according to rule 6(a) of the Federal Rules of Civil Procedure, for time computation purposes, if the last day of a relevant period falls on a Saturday or Sunday, the time period will run until the end of the next day that is not a Saturday or Sunday or legal holiday -- Monday, January 2, 2006. Rule 6(a) also provides that, if the last day of the time period is a legal holiday, the period will run until the end of the next day. There is an argument that, because New Year's Day -- defined as a legal holiday in rule 6(a) -- fell on a Sunday in 2006, the legal holiday was recognized federally on January 2, 2005, that day would not be included in the computation, and the time period would not have run until January 3, 2006 -- the day San Juan College was served. Davis does not, however, make this argument.

Davis represents that Walker-Smith was properly served on January 3, 2006. See id. Davis submits a Motion to Enlarge the Time to Serve Defendant San Juan College. Davis requests that the Court enlarge the time for her to serve San Juan College by two days, or until January 3, 2006. See id. at 1.

As no party has filed an answer, Davis states that she is unaware who is representing the Defendants and, as such, has not been able to contact them to determine whether they oppose this motion. See id. ¶ 10, at 2. Alternatively, Davis requests that, if the Court should decide to dismiss the action without prejudice, the Court apply the principles of equitable tolling and should allow Davis four days from any such dismissal to re-file and properly serve San Juan College. See id. at 5.

## **RULE 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Under rule 4(m) of the Federal Rules of Civil Procedure, the court employs a two-step analysis. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. See id. Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service. See id.; Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m) ("The new

subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Tenth Circuit cases that interpreted rule 4(j) continue to provide guidance in determining whether good cause has been shown under rule 4(m). See Espinoza v. United States, 52 F.3d at 841. "The 'good cause' provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994)(quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)). See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996)(holding that the bankruptcy court, in finding that good cause for untimely service was not shown, did not abuse its discretion, because a plaintiff must show meticulous efforts, and an unexplained plaintiffs' miscalculation in the deadline, even when no prejudice shown, did not constitute good cause when combined with a decision to wait until the last minute to serve the defendant -- apparently for strategic purposes). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service.  Mistake of counsel or ignorance of the rules also usually do not suffice." In re Kirkland, 86 F.3d at 176 (citing Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987), and Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1439).

If a plaintiff is unable to show good cause, the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding *pro se*, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842; Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m).

## ANALYSIS

From the representations of Davis' counsel, Davis effected timely service on San Juan County and, if he did not timely serve San Juan College, would have effected timely service on San Juan College had it not been for the fact that San Juan College was closed for twelve consecutive days at the end of the 120-day time period. Although Davis has shown that she attempted in good faith and in diligence to serve San Juan College at the end of the period, she has not shown that she was "meticulous in [her] efforts to comply with the Rule," because she waited until the end of the period to serve San Juan College, and has not given the Court any explanation why she did not attempt service at an earlier time. See In re Kirkland, 86 F.3d at 176. Thus, under a "narrow" interpretation of the rule, Davis has not sufficiently shown good cause for not serving San Juan College in a timely manner. The Court will, however, exercise its discretion to allow Davis to serve San Juan College by January 3, 2006.

### 1.     The Plaintiff has not Shown Good Cause.

Davis, under a "narrow" interpretation of the rule, has not sufficiently shown good cause to allow Davis a mandatory extension of time until January 3, 2006, to serve San Juan College. Davis effectuated service of process on San Juan County on December 29, 2005. Davis made the proper arrangements to serve process on San Juan College on December 22, 2005, and attempted to serve San Juan College on January 2, 2006. Davis was prevented from doing so because the College was closed from December 20, 2005 until Monday, January 2, 2006, and the person authorized to accept service was out of the office until January 3, 2006.

Although Davis made proper arrangements and attempted to serve San Juan College, she has not shown that she was "meticulous" in her efforts to comply with the rule. Davis has shown that

she was meticulous for the last two weeks of the period, but Davis has not presented any evidence that she was meticulous in her efforts for the entire 120 days. This is not to say that Davis was not meticulous in her efforts, and she may have valid reasons why she did not attempt to serve the College until the last two weeks of the period, but Davis has not presented the Court with any explanation why she did not attempt to serve San Juan College until the last two weeks of the 120-day period. Accordingly, the Court cannot find that good cause exists for the failure to timely serve, and thus, Davis is not entitled to a mandatory extension of time under rule 4(m).

## **2.** **The Court Will Exercise Its Discretion to Grant an Extension.**

Although Davis has not shown that good cause exists under the Tenth Circuit's narrow interpretation of rule 4(m)'s good cause requirement, under the facts in this case, the Court is within its discretion to enlarge the time for service until January 3, 2006, so that San Juan College is timely served. See Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."). If this action were dismissed as to San Juan County, Davis could be substantially prejudiced, as the time period for her to re-file her Complaint may have already passed.

The Court can take into account Davis' efforts to effectuate service, coupled with the substantial prejudice she would suffer if the case were dismissed, when deciding whether to relieve Davis by exercising its discretion to specify a period within which to serve the Complaint. Davis represents that the applicable statute of limitations would bar her from re-filing her claim against San Juan College, and the Court can take this fact into consideration before dismissing Davis' Complaint as to that Defendant. The Court believes that a minimal enlargement of the 120-day period to serve

process to one extra day -- if it is needed at all -- is appropriate.

Although Davis' efforts at the end of the period, alone, are not sufficient to show good cause under rule 4(m), they are sufficient for the Court to exercise its discretion to minimally extend the time period when combined with the substantial prejudice Davis could suffer if the Court does not exercise its discretion. The Court will exercise its discretion and enlarge the time period within which Davis can serve San Juan College to January 3, 2006.[2]

**IT IS ORDERED** that the Plaintiff Victoria Davis' Motion to Enlarge Time to Serve Defendant is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gilbert J. Vigil
Jason M. Burnette
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

San Juan County
Aztec, New Mexico

    *Defendant*

San Juan College
Farmington, New Mexico

    *Defendant*

---

[2] Because the Court grants Davis the extension of time that she requests, the Court need not consider her alternative request that the Court dismiss her Complaint without prejudice as to San Juan College and toll the four-day time period in which to file her Complaint so that she may be allowed to re-file her Complaint and effect proper service on San Juan College.